UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY EUGENE
WALTHALL,

          Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____/

Civil Action No.: 17-14116
Honorable Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 14, 15]**

## I. Introduction

Plaintiff Larry Eugene Walthall appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for Supplemental Security Income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the Court **RECOMMENDS** that:

- Walthall's motion [ECF No. 14] be **DENIED**;

- the Commissioner's motion [ECF No. 15] be **GRANTED**; and that

the ALJ's decision be **AFFIRMED.**

**II.     Background**

    **A.     Walthall's Background and Disability Applications**

Born August 16, 1980, Walthall was 34 years old, which is defined as a younger individual age 18-49, on the date the application was filed. [ECF No. 9-2, Tr. 31]. Although Walthall indicated that he only completed the ninth grade, his mental health records show that he obtained a General Education Diploma. *Id.* He alleges a disability due mainly to bipolar disorder, schizophrenia, schizoaffective disorder, post-traumatic stress disorder and paranoia. [ECF No. 9-3, Tr. 109].

After a hearing on August 10, 2016, during which Walthall, his stepsister, and a vocational expert (VE) testified, the ALJ found that Walthall had not been under a disability since August 18, 2014, the date the application was filed. [ECF No. 9-2, Tr. 32]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [ECF No. 9-2, Tr. 1-6]. Walthall timely filed for judicial review. [ECF No. 1].

    **B.     The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c); § 920(c).

3

the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Walthall was not disabled.  [ECF No. 9-2, Tr. 32].  At the first step, he found that Walthall had not engaged in substantial gainful activity since August 18, 2014, the application date.  [ECF No. 9-2, Tr. 22].  At the second step, he found that Walthall had the severe impairments of bipolar and affective disorder NOS with psychotic features, a mood disorder, post-traumatic stress disorder, paranoid schizophrenia and cannabis abuse.  [*Id.*]  Next, the ALJ concluded that none of Walthall's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*]

Between the third and fourth steps, the ALJ found that Walthall had the RFC to perform a full range at all exertional levels, except that he is limited to:

> simple, routine, and repetitive tasks (defined as little judgment and learned in a short period of time); low stress environment (meaning minimal changes in the work procedure and responsibilities); only incidental contact with co-workers, and no contact or interaction with the public, is not required to engage [in] team work or in team-tandem duties with co-workers, is able to control the pace of the work, and avoiding all workplace hazards such as kitchen knives, moving machinery, and unprotected heights.

4

[ECF No. 9-2, Tr. 24].

At step four, the ALJ found that Walthall had no past relevant work. [*Id.*, Tr. 31]. At the final step, after considering Walthall's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Walthall could perform, including positions as office cleaner, packager and assembler. [*Id.*, Tr. 32]. As such, the ALJ concluded that Walthall had not been under a disability since August 18, 2014, the date the application was filed. [*Id.*]

### III.   Analysis

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

5

Walthall argues that the ALJ's evaluation of the opinion evidence is not supported by substantial evidence. He also contends that the ALJ erred at step three of the sequential evaluation as he failed to consider Subpart C of Listing 12.03, and because later-acquired evidence required the ALJ to seek a new medical opinion on equivalency. [ECF No. 14; PageID.864-74]. For the reasons that follow, the Court concludes that substantial evidence supports the ALJ's evaluation of the opinion evidence and there is no reversible error in the ALJ's equivalency analysis.

## A.

The ALJ is charged with considering all the evidence and assessing the claimant's RFC.[2] *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."); *Karger v. Comm'r of*

---

[2] Here, the ALJ cited the agency's acquiescence ruling in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). Walthall has not challenged the ALJ's analysis in this regard, but the Court points out that the ALJ properly applied the new directive in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). *Earley* instructs that *res judicata* does not apply when a claimant files a later application for benefits. *Id.* at 933-34. ALJs may review prior ALJ findings, but are not bound by them. *Id.* As discussed below, the ALJ thoroughly considered the evidence that post-dates the prior ALJ decision here, carrying out the "fresh review" that *Earley* requires.

*Soc. Sec.*, 414 F. App'x 739, 744 (6th Cir. 2011). An ALJ must consider every medical opinion of record. 20 C.F.R. § 404.1527.

Here, the ALJ accorded the greatest weight to state agency consultant, Rose Moten, Ph.D., who determined in there was "no new or material evidence since the ALJ findings" that would support a different RFC from the prior decision. [ECF No. 9-3, Tr. 116-17]. Walthall argues that the ALJ erred in relying on Dr. Moten's opinion because the doctor did not review the complete record, including his diagnosis of schizophrenia in April 2015. [ECF No. 14; PageID.870]. This argument is unpersuasive.

In *Blakley v. Comm'r Of Soc. Sec.*, the court overturned the decision of an ALJ who adopted the findings of the state agency consultants when those consultants had not reviewed a substantial portion of the record. 581 F.3d 399 (6th Cir. 2009). But *Blakely* should not be misconstrued as "providing a blanket prohibition on an ALJ's adoption of a non-examining source opinion, where that source has not reviewed the entire record." *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 2016 WL 124140, at *7 (6th Cir. Jan. 12, 2016) (citing *Blakely*, 581 F.3d at 409). "There is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record." *Helm v.*

7

*Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1002 (6th Cir. 2011) (quoting SSR 96–6p, 1996 WL 374180, at *2 (1996)).

In *Blakely*, the ALJ failed to give any indication that she had considered the evidence after the state agency physicians' opinions before giving them great weight. *Blakley,* 581 F.3d at 409. "Where the non-examining source did not review a complete case record, we require some indication that the ALJ at least considered these facts before giving greater weight to an opinion from the non-examining source." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016) (internal quotation marks and citations omitted). Here, the ALJ summarized the results of the entire medical record, including Walthall's 2015 diagnosis and related findings of schizophrenia, and imposed greater limitations than those recommended by Dr. Moten based on his complete review of the record. [ECF No. 9-2, Tr. 24-31]. Indeed, the ALJ included limitations in his RFC that Dr. Moten did not recommend, including "simple, routine, and repetitive tasks (defined as little judgment and learned in a short period of time)" and "low stress environment (meaning "minimal changes in the work procedure and responsibilities)." [*Compare* ECF No. 9-2, Tr. 24 finding 4, *with* ECF No. 9-3, Tr. 109-17].

The ALJ's decision to give great weight to Dr. Moten's opinion was within his zone of choice. *Downing v. Berryhill*, No. CV 16-10321, 2017 WL 2214592, at *3 (E.D. Mich. Mar. 16, 2017) (ALJ's reliance on state agency opinion was within zone of choice because the ALJ added limitations based on later records). And Walthall has set forth no evidence that his functional limitations increased after he was diagnosed with schizophrenia such that Dr. Moten's opinion would have changed. *See Preslar*, 14 F.3d at 1110 (the claimant bears the burden of proof through the first four steps of the sequential evaluation).

Walthall's argument that the ALJ erred in assessing the opinions of social worker, Rachel Kwiatkoski, MSW, and nurse practitioner, Jennifer Wims, NP, is likewise without merit. Walthall acknowledges that both Kwiatkoski and Wims are not "acceptable medical source[s]" under 20 C.F.R. § 404.1513(a), and thus their opinions are not entitled to controlling weight. Still, he argues that the ALJ erred by rejecting the opinions without engaging in a more robust analysis.

The opinions of "other sources" cannot establish the existence of a disability, but they should be "evaluated on key issues such as impairment severity and functional effects, along with the other evidence in the file." *Engebrecht v Comm'r of Soc.Sec.*, 572 F. App'x 392, 397-98 (6th Cir.

9

2014) (citing SSR 06-03P). Contrary to Walthall's assertion, the ALJ evaluated the records from Macomb County Community Mental Health, including those of Ms. Kwiotkoski and determined that her opinion was "internally inconsistent and hard to reconcile, but nonetheless completely inconsistent with the allegations that the claimant cannot interact with anyone or take care of himself." [ECF No. 9-2, Tr. 28; ECF No. 9-9, Tr. 634-787]. In fact, the ALJ gave the report limited weight (because of its inconsistencies) even though he questioned whether the report could be considered "opinion evidence" at all. [*Id.*]

Similarly, the ALJ evaluated Easter Seals' nurse practitioner, Jennifer Wims' opinion. The ALJ recognized that while Ms. Wims was not an acceptable medical source, she could provide information about how Walthall's impairments affected his ability to work. [ECF No. 9-2, Tr. 29]. The ALJ determined that Wims' opinion of disability was inconsistent with her longitudinal treatment records of Walthall. The ALJ cited two specific examples: in both October 2015 and June 2016, Ms. Wims reported that Walthall had essentially normal mental health examinations, including normal attention span, concentration, insight and judgment. [ECF No. 9-2, Tr. 29; ECF No. 9-9, Tr. 635-39, 679-83]. She also reported intact memory and a euthymic mood. [ECF No. 9-2, Tr. 29; ECF No. 9-9, Tr. 674]. In

10

contrast, Wims' mental residual functional capacity assessment notes that Walthall has extreme limitations in these same areas. [ECF No. 9-9, PageID.799-802]. Because of these inconsistencies, the ALJ reasonably afforded Wims' opinion no persuasive weight. *See* 20 C.F.R. 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). And while Wathall accuses the ALJ of relying on only the two specific examples he cited, [ECF No. 14, PageID.865], the ALJ conducted a detailed and thorough analysis of the record. [ECF No. 9-2, Tr. 26-31]. The ALJ's recitation of the record provides substantial evidence for his decision to give Wims' disability opinion no persuasive weight.

Not satisfied with the ALJ's weighing of the opinion evidence, Walthall essentially asks the Court to employ the "good reasons" analysis to the opinions of Kwiatkoski and Wims, but the Section 1527(d)(2) "good reasons" requirement applies only to the opinions of treating physicians. 20 C.F.R. § 404.1513(a)(2); *Smith v. Comm'r of Soc. Sec.,* 482 F.3d 873, 876 (6th Cir. 2017). Because Kwiatkowski and Wims are not treating physicians, the ALJ need only consider such opinions and explain the weight given. *See* Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *2; *see also Hill v. Comm'r of Soc. Sec.,* 560 F. App'x 547, 549 (6th Cir. 2014)

11

(stating that although "[a]n ALJ must consider other-source opinions and generally should explain the weight given to opinions for these 'other sources,' ... other-source opinions are not entitled to any special deference."). Walthall has identified no error.

**B.**

Walthall also argues that the ALJ made an erroneous equivalency finding regarding Listing 12.03 (Schizophrenia, Paranoid and other Psychotic Disorders). [ECF No. 14, PageID.871-74]. Walthall first argues that the ALJ ignored "the totality of the written treatment records" which he says shows ongoing paranoia, mood symptoms and delusions. [ECF No. 9-7, Tr. 245-46; ECF No. 9-9, 681, 701-02, 722, 765-66]. But the Court has already determined that the ALJ considered the evidence cited by Walthall to support his claim—the records from Macomb County Community Mental Health and the opinions cited therein—and that the ALJ appropriately weighed those opinions. Thus, Walthall has shown no error. *See supra,* Part A**.**

Relatedly, Walthall argues that the ALJ failed to consider whether his impairments met or equaled subpart C of the Listing 12.03. Walthall has the burden of proving that he meets every element of the listing. *King v.*

*Sec'y of Health & Hum. Servs.*, 742 F.2d 968, 974 (6th Cir. 1986). To meet Listing 12.03C, Walthall must show:

> Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpart P, Appendix 1 (emphasis added). Here, Walthall provides no analysis of the record to demonstrate that his limitations met or equaled Listing 12.03C. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997)) (internal quotation marks and citation omitted). The Court has no obligation to scour the record on Walthall's behalf to develop his

13

arguments. *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 754 (6th Cir. 2011).

The Court notes, however, that contrary to Walthall's argument, the ALJ did consider the paragraph C criteria, but determined that there was not enough supporting evidence. [ECF No. 9-2, Tr. 24]. And it is Walthall's burden to show that he met Listing 12.03C, which he has not done. *See Preslar*, 14 F.3d at 1110 (the claimant bears the burden of proof through the first four steps of the sequential evaluation).

Walthall finally argues that the ALJ erred because there is no medical opinion on equivalency. The Social Security regulations require that "the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." SSR 96–6p, 1996 WL 374180, at *3 (July 2, 1996). Most courts in this district agree that a medical opinion on equivalency is necessary at the administrative hearing stage. *See, e.g., Fowler v. Comm'r of Soc. Sec.*, No. 12–12637, 2013 WL 5372883, at *4 (E.D. Mich. Sept. 25, 2013) ("[O]nce a hearing is requested, SSR 96–6p is applicable, and requires a medical opinion on the issue of equivalence."). But the lack of an opinion can be harmless error. *See*

14

*Bukowski v. Comm'r of Soc. Sec.*, No. 13-CV-12040, 2014 WL 4823861 (E.D. Mich. Sept. 26, 2014) (harmless error when "remand for further medical opinion would yield the same conclusions already reached by the ALJ.").

Walthall bears the burden of showing that his impairments meet or equal a listing, and that any error on the part of the ALJ was not harmless. *Roby v. Comm'r of Soc. Sec.*, 48 F. App'x 532, 536 (6th Cir. 2002); *Willis v. Comm'r of Soc. Sec.*, No. 12-10011, 2013 WL 718506, at *5 (E.D. Mich. Feb. 27, 2013). "An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment." *Roby*, 48 F. App'x at 536. Unless all the requirements for a listing are met, the claimant does not satisfy the listing. *Id.* (citing *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)). While Walthall points to evidence of times where he experienced paranoia, delusions, or other "mood symptoms," he has not shown that those medical findings persisted for a period of at least twelve months as required by the Act. 42 U.S.C. § 423(d)(1)(A). Walthall has thus not met his burden of showing that he meets the criteria for Listing 12.03, and a review of the evidence shows that the ALJ's finding is supported by substantial evidence. *Roby*, 48 F. App'x at 536.

## IV. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Walthall's motion [ECF No. 14] be **DENIED**; that the Commissioner's motion [ECF No. 15] be **GRANTED**, and that the ALJ's decision be **AFFIRMED**.

Dated: January 16, 2019

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.