UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY EUGENE WALTHALL,

    Plaintiff,

v.                                                              Case No.17-14116
                                                                Honorable Victoria A. Roberts

COMMISSION OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER:**

**1. OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOC. 19];**

**2. ADOPTING THE REPORT AND RECOMMENDATION [DOC. 18];**

**3. DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. 14];**

**4. GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 15].**

Larry Walthall ("Walthall") alleges a disability due mainly to bipolar disorder, schizophrenia, schizoaffective disorder, post-traumatic stress disorder and paranoia. The Magistrate Judge ("MJ") found that the Administrative Law Judge ("ALJ") correctly concluded that Walthall had not been under a disability since the date his application was filed; the ALJ denied benefits.

Walthall filed two objections to the MJ's Report and Recommendation ("R&R").

The Court finds that the Commissioner's decision is supported by substantial evidence and **OVERRULES** Walthall's objections.

**OBJECTION NO. 1. The ALJ's Failure to obtain a medical opinion on the issue of equivalence to Listing 12.03 was not harmless error, contrary to the Magistrate's finding.**

In this Objection, Plaintiff says that the MJ erred in concluding that the ALJ did not err in failing to obtain a medical opinion on equivalence, or that such failure was harmless. The MJ found harmless error because Walthall failed to meet his burden to demonstrate that his limitations met or equaled Listing 12.03C. Relying on *Bukowski v. Comm'r of Soc. Sec.*, No. 13-CV- 12040, 2014 WL 4823861 (E.D. Mich. Sept. 26, 2014), the MJ concluded that an error is harmless when remand for further medical opinion would yield the same conclusions already reached by the ALJ.

Nonetheless, Plaintiff requests a remand for further consideration of medical equivalency to Listing 12.03 (Schizophrenic, Paranoid, and Other Psychotic Disorders).

The Government correctly points out that Walthall's argument is waived since he did not make an equivalency argument before the ALJ; there he only contended that the listing was met.

Turning to the merits of Walthall's argument, he incorrectly assumes that the opinion of the state agency doctor, Dr. Moten, cannot suffice as a medical opinion on the issue of equivalence. Walthall is wrong. See Social Security Ruling 96-6p, 1996 WL 374180, at *3 (state agency reviewing expert's signature on disability opinion or similar

document "ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence").[1]

Importantly, the record supports a conclusion that the ALJ considered all of the medical evidence cited by Walthall - including medical opinions which the ALJ weighed appropriately.

The bottom line is that Walthall had the burden - and failed to meet it - to prove that his impairments met or equaled a listing, and that any error on the part of the ALJ was harmless. He "fails to raise a 'substantial question' as to whether he has satisfied a listing" by "point[ing] to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Smith-Johnson*, 579 F. App'x at 432; *see also Zebley*, 493 U.S. at 531.

The Court **OVERRULES** Walthall's first Objection.

**OBJECTION NO. 2: Contrary to the Magistrate's finding, the ALJ's decision does not indicate that he considered the fact that Dr. Moten was not aware of Walthall's schizophrenia diagnosis**

In this second and final objection, Walthall essentially argues that the ALJ erred in placing great weight on the opinion of Dr. Moten when that opinion was rendered before Walthall had been diagnosed with schizophrenia, and Dr. Moten did not have

---

[1] SSR 96-6p was in effect when the ALJ issued the Commissioner's final decision in September 2016 (*see generally* ECF No. 9-2, Tr. 1, 20-32), notwithstanding that this SSR was rescinded in March 2017 by SSR 17-2p, 2017 WL 3928306, at *1. SSRs are binding on all components of the agency. 20 C.F.R. § 402.35(b)(1). As the agency's interpretation of its own regulations, an SSR "is entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Wilson v. Comm'r of Social Security*, 378 F.3d 541, 549 (6th Cir. 2004).

access to Walthall's full medical file - including the schizophrenia diagnosis - when she made her findings. Walthall says this was reversible error on the part of the ALJ to afford great weight to the opinion of Dr. Moten.

The Government disagrees. It says there was no obligation on the part of the ALJ to make a specific finding that Walthall was diagnosed with schizophrenia after Dr. Moten rendered her opinion, or to specifically find that Dr. Moten erred in finding there was no new or material evidence. Instead, what is important is that the ALJ comply with the law set forth in *Kepke* by "considering the overall record and determining whether the reviewing expert's opinion was consistent with it, and by giving "some indication" that the ALJ considered the nature of the non-examining source opinions and subjected those opinions to scrutiny. *Kepke*, at 632-33.

As the MJ points out, the ALJ certainly considered the overall record. He summarized the results of the entire medical record, including Walthall's 2015 diagnosis of schizophrenia and related findings. Further, the ALJ did not blanketly accept the RFC limitations of Dr. Moten; the ALJ included others, such as "simple, routine, and repetitive tasks."

An ALJ's reliance on a state agency opinion is within his zone of choice - particularly when the ALJ adds RFC limitations based on later records. *Downing v. Berryhill*, No. CV 16 - 10321, 2017 WL 2214592, at *3 (E.D. Mich. Mar. 16, 2017.

At the final step of his analysis, the ALJ considered Walthall's age, education, work experience, RFC, and the testimony of the vocational expert, and concluded that there were jobs that existed in significant number that Walthall could perform. The ALJ

4

made a determination that Walthall was not disabled. His RFC assessment which was relied on - in part - to reach this conclusion - was not a medical determination driven exclusively by Dr. Moten. Instead, it was a determination "based on all of the relevant medical and other evidence," that the ALJ had available to him. 20 C.F.R. s 416.945 (a)(3).

The ALJ properly assigned significant weight to the opinions of Dr. Moten, was aware that Dr. Moten did not have the benefit of all of Walthall's records, and gave indication that he considered other evidence and subjected Dr. Moten's opinions to scrutiny.

Walthall's second objection is **OVERRULED**.

The Court **ADOPTS** the Report and Recommendation, **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment. Judgment will enter in favor of Defendant.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated: 2/25/19